FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 DEC -6  PM 2: 34

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

WALTER LEWIS ROOD, III,

    Plaintiff,

v.

LAW OFFICE OF THOMAS LANDIS,

    Defendant.
_____/

CASE NO.

3:10-cv-1112-J-25JRK

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, WALTER LEWIS ROOD, III. ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, LAW OFFICE OF THOMAS LANDIS. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6.  Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Bensalem, Pennsylvania.

7.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.  Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, Defendant is colleting from Plaintiff on a First USA Bank NA credit card in the amount of approximately $12,928.21.

12. Defendant places up to four collection calls to Plaintiff in one day.

13. On May 27, 2010, Defendant sent Plaintiff a "Letter of Settlement" via electronic mail regarding (internal) account number ███████. *See* redacted email attached hereto as Exhibit "A."

14. On or around May 27, 2010, Defendant told Plaintiff that the statue of limitations in Florida for an account such as his was seven (7) years.

15. On May 27, 2010, Plaintiff sent Defendant an email stating that the Statute of Limitations in Florida was four (4) years and therefore had expired on collection of this account, and requested written documentation which states that the statute of limitations was seven (7) years as Defendant previously stated. *See* redacted email attached as Exhibit "A."

16. On May 27, 2010, Plaintiff sent a subsequent email to Defendant disputing said account, and demanding that Defendant cease and desist communication with him. *See* redacted email attached hereto as Exhibit "B"

17. Despite the aforementioned, Defendant continued to place collection calls to Plaintiff.

18. Defendant threatened Plaintiff that this matter "may be referred to an attorney."

19. Defendant placed collection calls to Plaintiff on June 14, June 25, July 2, July 6 and July 14, 2010 from 215-642-3395.

20. Defendant placed collection calls to Plaintiff on June 16, June 17, and June 23, 2010 from 215-642-3400.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692c(c) of the FDCPA by communicating with Plaintiff after Plaintiff notified Defendant in writing that the alleged debt is disputed and after Plaintiff requested that all further communication with Plaintiff be ceased;

b) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

c) Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

d) Defendant violated §1692e of the FDCPA by using false, misleading and deceptive representations in connection with the collection of a debt;

e) Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the debt; and

f) Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is note intended to be taken.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

23. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

24. Any other relief that this court deems to be just and proper.

VERIFIED COMPLAINT                                   4

RESPECTFULLY SUBMITTED,

By: /s/ James Pacitti

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax: (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WALTER LEWIS ROOD, III hereby demands trial by jury in this action.